UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FACETIME COMMUNICATIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REUTERS LIMITED, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 08-cv-4730 (CM) |

## ANSWER

Reuters, Reuters Limited ("Reuters"), having its principal place of business at The Reuters Building, South Colonnade, Canary Wharf, London E14 5EP, UK, by its undersigned attorneys, hereby answers the Complaint ("Complaint") of FaceTime Communications, Inc. ("FaceTime") as follows on knowledge as to itself and on information and belief as to all other matters:

## INTRODUCTION

1. Reuters denies the truth of the allegations of paragraph 1 of the Complaint and respectfully refers all questions of law to the Court, except Reuters admits that FaceTime has sought a declaratory judgment that the parties' Source Code Licensing Agreement (the "Agreement") has expired.

2. Reuters denies the truth of the allegations of paragraph 2 of the Complaint and respectfully refers all questions of law to the Court.

3. Reuters denies the truth of the allegations of paragraph 3 of the Complaint and respectfully refers all questions of law to the Court, except Reuters admits that FaceTime has sought the requested relief from the Court.

## THE PARTIES

4. Reuters is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Reuters admits the allegations of paragraph 5 of the Complaint, and avers that Reuters Limited is headquartered in Canary Wharf in London

## JURISDICTION AND VENUE

6. Reuters neither admits nor denies the allegations contained of paragraph 6 of the Complaint, and respectfully refers all questions of law to the Court, except Reuters admits that it is a citizen of the United Kingdom with a place of business in the State of New York.

7. Reuters admits the allegations of paragraph 7 of the Complaint.

8. Reuters admits the allegations of paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

**A.  Reuters' Instant Messaging Service and FaceTime's Compliance and Security Solutions**

9. Reuters denies the allegations of paragraph 9 of the Complaint and avers that instant messaging is a communication device, used by individuals in a personal and professional capacity.

10. Reuters denies the allegations of paragraph 10 of the Complaint and avers that it provides an instant messaging service called "Reuters Messaging", which is designed for financial professionals. This service allows users to, among other things, communicate with

other users of the Reuters Messaging service. Users of Reuters Messaging are also able to communicate with users of AOL Instant Messenger, MSN Messenger and Yahoo Messenger.

11. Reuters admits that there is a demand by the financial services industry for a service that logs and audits instant messages. Reuters is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint.

12. Reuters is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

**B.    The Source Code Licensing Agreement and Reuters' Option to Purchase**

13. Reuters denies the allegations of paragraph 13 of the Complaint and avers that prior to 2006 FaceTime was one of three vendors that offered a product that enabled customers of Reuters' Reuters Messaging service to archive and audit their instant messages. Recognizing that compliance is an integral part of any messaging system, in the fall of 2005 Reuters decided to build its own compliance product, and sought to acquire a license from FaceTime that would enable Reuters to do so.

14. Reuters admits that the parties entered into the Source Code License Agreement, dated January 31, 2006 and admits that Reuters paid $1.3 million to FaceTime. Reuters refers to the Agreement for the truth and accuracy of its content and otherwise denies the remaining allegations of paragraph 14 of the Complaint.

15. Reuters denies the allegations of paragraph 15 of the Complaint and refers to the Agreement for the truth and accuracy of its contents.

16. Reuters denies the allegations of paragraph 16 of the Complaint and refers to Section 6.2 of the Agreement for the truth and accuracy of its contents.

17. Reuters denies the allegations of paragraph 17 of the Complaint and refers to Section 6.2 of the Agreement for the truth and accuracy of its contents.

18. Reuters denies the allegations of paragraph 18 of the Complaint and refers to Section 6.2 of the Agreement for the truth and accuracy of its contents.

C. **Reuters' Alleged Failure to Exercise Its Option By The Contractual Deadline**

19. Reuters denies the allegations contained in paragraph 19 of the Complaint, and respectfully refers all questions of law to the Court.

20. Reuters denies the allegations of paragraph 20 of the Complaint, and respectfully refers all questions of law to the Court.

21. Reuters admits that it received a letter from Jim Obrien dated February 13, 2008, and refers to the letter for the truth and accuracy of its contents and denies the remaining allegations of paragraph 21 of the Complaint.

22. Reuters admits that on or about February 13, 2008, Deric Moilliet spoke with Eran Barak and Chris Lamb by telephone and denies the remaining allegations of paragraph 22 of the Complaint.

23. Reuters admits that on or about February 19, 2008, Chris Lamb sent an email to FaceTime that stated: "Last Friday we wired $150,000 USD to Facetime as the final payment for our agreement with you with an effective date of 31 January 2006. Please confirm that you have received and accepted these funds. Thank you." Reuters denies the remaining allegations of paragraph 23 of the Complaint.

24. Reuters is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's receipt of the wire transfer. Reuters admits that it

-4-

-5-

sent a wire transfer to Plaintiff in the amount of $150,000 on February 15, 2008, and denies the remaining allegations of paragraph 24 of the Complaint.

25. Reuters is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, except Reuters admits that it received an email from Scott Case on February 20, 2008, which contained the statements alleged in paragraph 25 of the Complaint.

26. Reuters admits that on or about April 7, 2008, Carolyn Blankenship sent a letter to FaceTime's General Counsel Jim Obrien and refers to the letter for the truth and accuracy of its contents.

27. Reuters denies the truth of the allegations of paragraph 27 of the Complaint, except Reuters admits that Ms. Blankenship and Mr. Obrien had a series of phone conversations regarding, among other things, the parties' respective positions concerning the termination of the Agreement.

28. Reuters admits the allegations of paragraph 28 of the Complaint.

## CLAIM FOR DECLARATORY JUDGMENT

29. Reuters repeats its responses to the above allegations as if fully set forth herein.

30. Reuters denies the allegations of paragraph 30 of the Complaint, avers that the initial term of the Agreement was for a period of two years, and respectfully refers all questions of law to the Court.

31. Reuters denies the allegations of paragraph 31 of the Complaint, and respectfully refers all questions of law to the Court, except Reuters admits that Section 6.2 of the Agreement provided Reuters with an irrevocable option to purchase a perpetual, non-exclusive license to use

the "Licensed Materials" in accordance with the rights granted under the Agreement subject to payment to FaceTime of $150,000.

32. Reuters admits that it made the $150,000 payment after January 31, 2008, but denies the remaining allegations of paragraph 32 of the Complaint, and respectfully refers all questions of law to the Court.

33. Reuters denies the allegations of paragraph 33 of the Complaint, and respectfully refers all questions of law to the Court.

34. Reuters denies the allegations of paragraph 34 of the Complaint, except Reuters admits that it disputes FaceTime's allegations concerning the termination of the Agreement.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

37. This Court lacks jurisdiction because of improper service of process.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

38. FaceTime's claims are barred by the doctrine of unclean hands.

WHEREFORE, Reuters respectfully requests that the Complaint be dismissed in its entirety, and that this Court order such other and further relief as it may find just and proper.

Dated: June 16, 2008

                        Respectfully submitted,

                        /s/
                        James F. Rittinger (JR 0556)
                        Justin E. Klein (JK 8865)
                        Satterlee Stephens Burke & Burke LLP
                        230 Park Avenue
                        New York, New York 10169
                        (212) 818-9200 (Phone)
                        (212) 818-9606 (Fax)
                        Attorneys for Defendant
                        Reuters Limited

737526_2