Steven M. Hecht (SH-0414)
Jason Halper (JH-9957)
**LOWENSTEIN SANDLER PC**
Attorneys at Law
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
*Attorneys for Plaintiff*
*FaceTime Communications, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FACETIME COMMUNICATIONS, INC., | **DOCUMENT ELECTRONICALLY FILED** |
| Plaintiff, | Civil Action No. 08-4730 (CM) |
| v. | **PLAINTIFF FACETIME'S RESPONSES TO DEFENDANT REUTERS' LOCAL RULE 56.1 STATEMENT OF ADDITIONAL FACTS** |
| REUTERS LIMITED, | |
| Defendant. | |

Pursuant to Local Civil Rule 56.1 of the United States District Court for the Southern District of New York, Plaintiff FaceTime Communications, Inc. ("FaceTime") hereby responds to Defendant Reuters Limited's ("Reuters") Statement of Additional Facts. As a general matter, Reuters fails to raise a genuine issue of material fact to be tried because none of its "additional facts" disproves the undisputed fact that Reuters failed to exercise its option to purchase a perpetual license by the January 31, 2008 deadline in the parties' contract.

1-13. The statements in Paragraphs 1 through 13 of Reuters' 56.1 Statement contain Reuters' responses to FaceTime's Rule 56.1 Statement of Undisputed Material Facts, and therefore no response to those paragraphs is necessary.

14. Reuters fails to raise a genuine issue of material fact to be tried because whether "Reuters' failure to make a payment of $150,000 on or before January 31, 2008 was due to oversight rather than any intentional delay" is not relevant in disproving the undisputed fact

that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

15. Reuters fails to raise a genuine issue of material fact to be tried because there is no provision in the Source Code Licensing Agreement (the "Agreement") or at law requiring FaceTime to send an invoice for the one-time option exercise payment of $150,000.

16. Reuters fails to raise a genuine issue of material fact to be tried because whether "FaceTime's invoices to Reuters had, over the course of the Agreement, sometimes contained confusing or incorrect information regarding the due date of payments" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

17. Reuters fails to raise a genuine issue of material fact to be tried because whether "[o]n at least three occasions, FaceTime accepted late payments from Reuters under the Agreement and never threatened to terminate the Agreement because of such delay" is not relevant to the issue of whether FaceTime waived its right to enforce Section 6.2 of the Agreement according to its terms (which it did not do).

18. Reuters fails to raise a genuine issue of material fact to be tried because whether "Reuters immediately took steps to wire . . . money to FaceTime" after "being notified that payment of the $150,000 had not been made by January 31, 2008" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

19. Reuters fails to raise a genuine issue of material fact to be tried because whether "Reuters indicated to FaceTime that the $150,000 wired on February 15, 2008 was for the final payment due under the Agreement" is not relevant in disproving the undisputed fact that

Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

20. Reuters fails to raise a genuine issue of material fact to be tried because whether "[a]fter more than a week from receipt of payment, FaceTime kept all but $84,546.50 of the $150,000 wire transfer and asserted that the amount retained was for amounts past due" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

21. Reuters fails to raise a genuine issue of material fact to be tried because whether "Reuters has disputed to FaceTime the validity of the alleged obligations for which FaceTime purported to retain a portion of the $150,000 payment" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

22. Reuters fails to raise a genuine issue of material fact to be tried because Reuters' statement that it "always intended to obtain a perpetual license to the FaceTime software, and communicated that fact to FaceTime" is founded on extrinsic evidence outside the plain language of the Agreement. FaceTime respectfully refers the Court to the Agreement for the terms thereof, which speak for themselves.

23. Reuters fails to raise a genuine issue of material fact to be tried because Reuters' statement that its "accounting personnel treated the agreement as a 'financial lease' and capitalized the acquisition of the FaceTime license" is founded on extrinsic evidence outside the plain language of the Agreement. FaceTime respectfully refers the Court to the Agreement for the terms thereof, which speak for themselves.

24. Reuters fails to raise a genuine issue of material fact to be tried because Reuters' statement that "[t]here was no discussion during negotiation of the Agreement that

FaceTime considered strict compliance with the timing of the lease payments, including the final payment, to be a critical part of the bargain" is founded on extrinsic evidence outside the plain language of the Agreement.  FaceTime respectfully refers the Court to the Agreement for the terms thereof, which speak for themselves.

25. Reuters fails to raise a genuine issue of material fact to be tried because whether "Reuters has made payments of $1.3 million in license fees under the Agreement, plus . . . $150,000 payment made on February 15, 2008" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

26. Reuters fails to raise a genuine issue of material fact to be tried because whether "[d]ue to the need to comply with the various federal, state and local laws, financial clients of Reuters Messaging require that their instant messaging product have the ability to log and record messages" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

27. Reuters fails to raise a genuine issue of material fact to be tried because whether FaceTime's "software licensed by Reuters is used to provide compliance with these legal recording requirements" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

28. Reuters fails to raise a genuine issue of material fact to be tried because whether "Reuters had to undertake multiple and substantial modifications to the FaceTime software" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

29. Reuters fails to raise a genuine issue of material fact to be tried because whether "Reuters had invested at least $2 million in order to modify and enhance the FaceTime

4

source code" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

30. Reuters fails to raise a genuine issue of material fact to be tried because whether "[t]he compliance aspects of Reuters Messaging are a critical resource for at least 100 of Reuters' customers who use the Reuters Messaging service" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

31. Reuters fails to raise a genuine issue of material fact to be tried because whether "there would be a severe disruption to the Reuters Messaging Service and to the customers that depend upon" Reuters Messaging Service "[i]f Reuters were suddenly to be required to cease using the Derivative Works" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

32. Reuters fails to raise a genuine issue of material fact to be tried because whether "such disruption would result in substantial loss of customer goodwill and the likely loss of sales of other, non-messaging products to those customers, due to customers' needs to find alternative messaging services, as well significant loss of revenue to Reuters" is not relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

33. Reuters fails to raise a genuine issue of material fact to be tried because whether "there is no practical, immediately available substitute for the compliance product of Reuters Messaging [and a]ny alternative would take a considerable amount of time to develop, implement, and transition customers to, as well as result in considerable cost to Reuters" is not

relevant in disproving the undisputed fact that Reuters failed to make the one-time option exercise payment of $150,000 on or before January 31, 2008.

          Respectfully submitted,

          Steven M. Hecht (SH-0414)
          Jason Halper (JH-9957)
          **LOWENSTEIN SANDLER PC**
          1251 Avenue of the Americas, 18th Floor
          New York, New York 10020
          973.597.2500
          973.597.2400 (Fax)
          shecht@lowenstein.com
          *Attorneys for Plaintiff*
          *FaceTime Communications, Inc.*

          By: /s Steven M. Hecht (SH-0414)

Dated: July 9, 2008