UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

FACE TIME COMMUNICATIONS, INC.,

   Plaintiff,

-against-                                                  08 Civ. 4730 (CM)

REUTERS LIMITED,

   Defendant.

_____x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/08
```

## MEMORANDUM ORDER REGARDING JUDGMENT

McMahon, J.:

   I have received a series of letters from counsel concerning the proposed final judgment in this case.

   I really don't think that there is anything unclear about my decision and order. And Reuters has had a full and fair opportunity to litigate all the issues that are actually raised by this case.

   Let me reiterate: the contract is clear on its face. Reuters' Source Code Licensing Agreement with FaceTime terminated effective February 1, 2008, due to Reuters' failure to exercise its option to purchase a perpetual license from FaceTime by January 31, 2008. Pursuant to the Agreement's terms (Section 8.4.1), Reuters was not free to "copy, use, distribute or sublicense the Licensed Materials or the Derivative Works" after February 1, 2008. The Agreement provided End Users with a six month grace period to use Derivative Works that Reuters was no longer free to license. That grace period ends this Thursday, July 31, 2008. Reuters retains ownership is any "Derivative Works" created using that material, but its ownership is exclusive of any licensed material that may be incorporated into those "Derivative Works. " All of this is a simple matter of contract construction. As I said in my opinion, I appreciate that this probably makes the "Derivative Works" worthless on a going-forward basis.

   As for the form of the judgment to be entered: FaceTime sought summary judgment on a claim for declaratory judgment against Reuters. It is entitled to a declaratory judgment – that is, a judgment declaring that the License Agreement between it and Reuters has expired by its terms; that after that date (i.e., February 1, 2008), Reuters may not "copy, use, distribute or sublicense" the licensed material (or, of necessity, any product incorporating the licensed material); and that the transitional grace period for End Users provided for by section 8.4.2 of the Agreement will

expire at midnight this Thursday.

The only party defendant in this case is Reuters. The only party to the Agreement that the Court has interpreted is Reuters. It is true that Section 3.1.1 of the Source Code Licensing Agreement provides that the form of End User License Agreement (EULA) employed by Reuters must be "no less protective" of FaceTime's rights with respect to, inter alia, "term and termination " – which would seem to mean that the EULAs between Reuters and its customers will expire by their terms no later than this Thursday. But the parties have not seen fit to provide the court with Exhibit C to the Source Code Licensing Agreement, which is the form of EULA to be employed by Reuters. Therefore, I am in no position to address issues relating to the EULAS – such as whether Reuters would be in breach of the Source Code Licensing Agreement for failing to include an appropriate termination provision in its sublicenses – nor was I asked to do so. The judgment I will enter runs only as to Reuters and it will deal only with the issues that were actually raised – not issues that clearly could have been raised but were not (for reasons best known to the parties and their counsel).

If any of the above creates any difficulty for either party, the problem is of its own making. I reiterate: the parties waited until the last possible minute to provide this court with fully submitted cross motions for summary judgment. They did not bring the motions on by order to show cause or seek emergency relief. I chastised Reuters for this in the July 22 opinion; I now chastise FaceTime as well. I am entering a modified form of judgment that conforms precisely to the Agreement that was given to the court to interpret. Reuters knows where the Court of Appeals is located if it wishes to obtain a stay; this court will not enter one. If there are further issues that arise after July 31, I will be out of the district until Labor Day; FaceTime knows where the Part I judge can be found.

Dated: July 29, 2008

_____
U.S.D.J.

BY ECF TO ALL COUNSEL